Jud&e Cbehshaw
delivered the opinion of the Court.
The only law conferring power upon Justices of the Peace to take a recognizance in the state of case presented in this record, of which we are apprised, is an .act of the Legislature,, approved February 11,1809,1st ^rol. Stat. Laws, page 538. By virtue of this act, two Justices of the peace, when any free person is brought before them upon a criminal charge, tvho ought, in their opinion,- to be tried before the Circuit Court, have the right to admit the accused to give bail for his appearance before the Circuit Court, “ on the first day of the next succeeding term." The recognizance taken in this case is for the appearance of the accused before .the Fayette Circuit Court, “ore the twelfth day of the then present term of said Court."
The justices not having acted in conformity to the law, it results that the Court below erred in not sus *2 tain mg the demurrer of Hostetter to the scire facias, and in rendering judgment against him.
Whether, since the passage of the act of 1837: (3 Statute Law, 353,1 a recognizance for appearance on the second day of the term might not be valid — not decided.
D. M. Payne for plaintiff; Harlan, Attorney General, for Commonwealth.
By the fourth section of an act, approved February 23d 1837, 3d Yol. Stat. Laws, page 359, allindictments and prosecutions in the name of the Commonwealth, requiring a jury a jury to try .them, are directed to be docketted for trial on the second, instead of the first day of the term. And we do not intend to be understood as deciding that, since the passage o'f this statute, the justices might not have a right to admit a prisoner to hail for his appearance in the Circuit Court, on the second day of the next succeeding term ; nor, do we express the opinion that the recognizance in this ■case may not be considered obligatory as a common ■law bond. It will be time enough to decide these questions when they may arise.
Judgment reversed, and the cause remanded, with ■directions to the Court below to set aside the judgment herein, and to sustain the demurrer to the scire facias.